IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAVANNAH HAMMONS, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) C.A. No. 24-00439-JLH-SRF |
| TIFFANY WOLFE a.k.a | ) |
| TIFFANY HAGANS, | ) |
| CITY OF HARRINGTON, | ) |
| TEVIN THOMAS | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

I.   **INTRODUCTION**

Presently before the court in this civil rights case pursuant to 42 U.S.C. § 1983, are two motions to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 20, 22, 26)[1] Defendants, City of Harrington ("Harrington") and Officer Tevin Thomas (collectively, "Harrington Defendants"), move to dismiss the first amended complaint ("FAC") (D.I. 13), filed by Plaintiff, Savannah Hammons, ("Plaintiff") on July 31, 2024. (D.I. 20, 22) The other motion to dismiss was filed by *pro se* Defendant, Tiffany Wolfe ("Wolfe") on August 20, 2024. (D.I. 26)[2] For the following reasons, I recommend that the court DENY each of the motions to dismiss.

---

[1] The briefing associated with this motion can be found at D.I. 21, D.I. 23, D.I. 24, and D.I. 25. The City of Harrington and Officer Thomas docketed separate but identical motions to dismiss supported by joint briefs. (D.I. 20, D.I. 22)

[2] The briefing associated with this motion can be found at D.I. 26 and D.I. 28.

## II.  BACKGROUND

Moving Defendants are the City of Harrington, a former Harrington Police Officer, Tevin Thomas, and the Plaintiff's former landlord, Tiffany Wolfe. This suit arises from an incident which took place on June 25, 2022, when Wolfe, Officer Thomas, and an unidentified Delaware state trooper responded to a request from Plaintiff's landlord for assistance with Plaintiff's removal from the leased premises in Harrington, Delaware (the "Property") due to the termination of the lease. (D.I. 13 at ¶ 17)

Officer Thomas advised the Plaintiff that she needed to leave the property, or she would be arrested for trespass. (*Id.* at ¶ 20) Plaintiff alleges that when she answered the door, she opened the interior door, and Officer Thomas, without permission, opened the storm door. (*Id.* at ¶ 19) Plaintiff claims that it was unlawful for her to be evicted by the Police without a court order and solely based upon a copy of the lease that was presented to the officers by her landlord indicating the lease had been terminated. (*Id.* at ¶ 21)

Plaintiff was informed that she had to vacate immediately and was not permitted any time to pack her things. (*Id.* at ¶ 23) Plaintiff alleges she attempted to close the door, but was prevented by Officer Thomas, who stopped the door with his hands. (*Id.* at ¶ 24) Plaintiff further alleges that Officer Thomas then entered the home while the Delaware state trooper held the storm door open. (*Id.*) Plaintiff alleges that Officer Thomas repeatedly told Plaintiff that she was legally not allowed to be in the Property and instructed her to leave. (*Id.* at ¶ 29) Nonetheless, Plaintiff left the property and defendant Wolfe changed the lock so the Plaintiff could not re-enter it if she returned. (*Id.*)

Plaintiff filed this action on April 8, 2024. (D.I. 2) Plaintiff dismissed her claims against the Delaware State Police and Doe #2 on June 12, 2024. (D.I. 12) The FAC alleges

2

constitutional violations for unlawful search and seizure of property and civil conspiracy against Defendants Wolfe and Officer Thomas (Counts I, II, and III); failure to train against Defendant Harrington (Count IV); and unlawful ouster against Defendant Wolfe. (Count V) (D.I. 13 at ¶¶ 34–49)

On December 17, 2024, the matter was referred to the undersigned Magistrate Judge to hear and resolve all pre-trial matters up to and including summary judgment. *See* 28 U.S.C. § 636(b); (D.I. 35). This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## III. LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To state a claim pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In assessing the plausibility of a claim, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

## IV. DISCUSSION

Defendant Thomas moves to dismiss all of the claims asserted against him because he has qualified immunity. (D.I. 23 at 1) The City of Harrington moves for dismissal on the basis that the FAC fails to plausibly plead a claim for failure to train its officers. (*Id.* at 11) The Plaintiff's former landlord, Defendant Wolfe, moves to dismiss because she disputes the factual allegations in the FAC. (D.I. 26) The court's recommendations on each of the motions are addressed in the following sections.

### A. Qualified Immunity – Officer Thomas

Officer Thomas moves to dismiss Plaintiff's claims for violation of her constitutional rights under the Fourth, Fifth and Fourteenth Amendments based upon his qualified immunity. (D.I. 23 at 4–10) In his motion, Officer Thomas acknowledges, as he must, that qualified immunity must be established on the face of the complaint to be upheld on a Rule 12(b)(6) motion. *Thomas v. Indep. Twp.*, 463 F.3d 285, 291 (3rd Cir. 2006) (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001). Moreover, the court must accept the truth of the facts alleged and view the complaint in the light most favorable to the Plaintiff in deciding a motion to

4

dismiss. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790–91 (3d Cir. 2016).

At the motion to dismiss stage, federal and state officials are entitled to qualified immunity unless (1) the "facts, taken in the light most favorable to the plaintiff, demonstrate a constitutional violation," and (2) the alleged right was clearly established at the time of the violation. *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 (3d Cir. 2023), *cert. denied sub nom. Foose v. Thomas*, 145 S. Ct. 141 (2024), *cert. denied sub nom. Kinsinger v. Thomas*, 145 S. Ct. 141 (2024). Qualified immunity operates "to ensure that before officers are subjected to suit, they are on notice their conduct is unlawful." *Id.* at 283 (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 206 (2001)).

Here, Officer Thomas attempts to challenge only the second prong, arguing that he had a reasonable basis to believe that Plaintiff was not permitted on the property pursuant to the lease termination notice provided to him by Defendant Wolfe. (D.I. 23 at 8–9) To be "clearly established" a Plaintiff's right must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). Whether there was a violation of a "clearly established" right is based on an assessment of the "objective legal reasonableness" of the officer's conduct. *Anderson v. Creighton*, 483 U.S 635, 639 (1987). The legal right at issue "must have a sufficiently clear foundation in then-existing precedent." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018).

The FAC alleges in Counts I and II that the individual defendants, Officer Thomas and Wolfe, unlawfully searched Plaintiff's home and seized her property interest, forcing her out of her home without due process of law. (D.I. 13 at ¶¶ 35, 38) Officer Thomas does not mention these allegations nor acknowledge that there is a clearly established right of protection against unreasonable searches and seizures without due process, i.e., an order of eviction.

Because Officer Thomas fails to directly address qualified immunity with respect to the foregoing allegations in the FAC and makes a factual argument outside of the allegations in the FAC that he acted reasonably under the circumstances, the court recommends denying his motion to dismiss based on qualified immunity.

### B. Conspiracy – Officer Thomas

Defendant Thomas' only argument in support of dismissal of the civil conspiracy claims in Count III is dependent upon prevailing on his defense of qualified immunity. (D.I. 22 at 10–11) Because I have recommended denying his claim of qualified immunity, it follows that I recommend denying dismissal of the civil conspiracy claim in Count III.

### C. Failure to Train – City of Harrington

The City of Harrington moves to dismiss the claims in Count IV of the FAC that it failed to provide appropriate training to its officers about the necessity of a court order before removing a trespasser from property in response to a request for assistance with an eviction. (D.I. 23 at 11–13) Harrington argues that the FAC fails to plausibly plead a claim for failure to train because it is based on "information and belief" and fails to specifically identify the allegedly deficient training or establish a pattern of constitutional violations sufficient to charge policymaking officials with knowledge of the need for changes to training. (*Id.* at 11–12) In response, Plaintiff argues that a reasonable inference may be drawn that the Harrington Police Department did not teach its officers that a tenant cannot be forced to vacate her rented home in the absence of a court order. (D.I. 24 at 18–20) Plaintiff alleges that the need for proper training is best demonstrated by Harrington's argument in its opening brief that it is reasonable for an officer to participate in a landlord's "self-help" eviction. (*Id.* at 19–20) Therefore, the Plaintiff does not need to identify specific training deficiencies at this stage, if the pleaded facts show that

the need for more or different training is apparent, and the inadequacy of the current training is likely to result in a constitutional violation. (*Id.*)

A plaintiff alleges a failure to properly train or supervise employees under 42 U.S.C. § 1983 when "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989). To show a failure to train or supervise amounts to deliberate indifference, a plaintiff must demonstrate that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter v. City of Philadelphia*, 181 F.3d 339 (3d Cir. 1999) (citing *Walker*, 974 F.2d at 297–98)). A failure to train may amount to deliberate indifference "where the need for more or different training is obvious, and inadequacy [is] very likely to result in violation of constitutional rights." *Carter*, 181 F.3d at 357 (citing *Canton*, 489 U.S. at 389).

Here, the allegations in the FAC, taken as true, sufficiently establish deficiencies in training amounting to deliberate indifference. Specifically, the FAC states, "[T]he city knew that an improperly trained officer would not know that removing a tenant, alleged by the owner to be a trespasser, absent a court order violated the law. The City of Harrington disregarded that risk and, on information and belief, failed to train its officers that Delaware law and United States Constitution prohibited such conduct." (D.I. 13 at ¶ 44) Although this allegation lacks specific details regarding the training program, "the Third Circuit has recognized ... that a plaintiff cannot be expected to know what training was in place or how training procedures were adopted without the benefit of discovery." *Arnold v. Minner*, C.A. No. 04-1346-JJF, 2005 WL 1501514, at *6 (D. Del. 2005) (citing *Carter*, 181 F.3d at 339). The Third Circuit has determined that a plaintiff

7

may reasonably surmise that a pattern of misconduct reflects inadequate training and supervision, but the plaintiff cannot be "expected to know, without discovery, exactly what training policies were in place or how they were adopted." *Carter*, 181 F.3d at 358. Allowing discovery on Plaintiff's claim for failure to train is appropriate in the present case to establish the precise nature of the City of Harrington's policies.

For the foregoing reasons, I recommend that the court deny the motion to dismiss Plaintiff's claim for failure to train.

### D. Wolfe's Motion to Dismiss

Defendant Wolfe moves for dismissal in a three-page letter brief which consists entirely of factual arguments. (D.I. 26) As the Plaintiff points out in opposition, at the motion to dismiss stage, the "defendant bears the burden of showing that no [plausible] claim [for relief] has been presented." *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005). The Court must "accept as true the facts alleged in the complaint, along with reasonable inferences that can be drawn from those facts." *Bah v. United States*, 91 F.4th 116, 119 (3d Cir. 2024). While *pro se* pleadings are liberally construed, Wolfe's motion to dismiss fails to identify any pleading deficiency in the FAC that warrants dismissal of Plaintiff's claims against her.

Accordingly, I recommend the court deny Defendant Wolfe's motion to dismiss.

## V. CONCLUSION

For the foregoing reasons, I recommend that the Harrington Defendants' and Wolfe's motions to dismiss be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.

Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: May 16, 2025

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE